## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VIIV HEALTHCARE COMPANY, SHIONOGI & CO., LTD., and VIIV HEALTHCARE UK (NO. 3) LIMITED,<br><br>        Plaintiffs,<br>    v.<br><br>DR. REDDY'S LABORATORIES, INC. and DR. REDDY'S LABORATORIES, LTD.,<br><br>        Defendants. | Case No. _____ |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs ViiV Healthcare Company, Shionogi & Co., Ltd., and ViiV Healthcare UK (No. 3) Limited (collectively, "Plaintiffs" or "ViiV") bring this action for patent infringement against Dr. Reddy's Laboratories, Inc. ("DRL Inc.") and Dr. Reddy's Laboratories, Ltd. ("DRL Ltd.") (collectively, "Defendants" or "DRL").

## THE PARTIES

1. Plaintiff ViiV Healthcare Company, a wholly owned subsidiary of ViiV Healthcare Limited, is a corporation organized and existing under the laws of the State of Delaware, with a trading address at Five Moore Drive, Research Triangle Park, North Carolina 27709.

2. Plaintiff Shionogi & Co., Ltd., also known as Shionogi Seiyaku Kabushiki Kaisha, is a corporation organized and existing under the laws of Japan, with a principal place of business at 1-8, Doshomachi 3-chome, Chuo Ku, Osaka, 541-0045, Japan.

3.      Plaintiff ViiV Healthcare UK (No. 3) Limited is a corporation organized and existing under the laws of the United Kingdom, with a registered office at 980 Great West Road, Brentford, Middlesex TW8 9GS, United Kingdom.

4.      On information and belief, Defendant DRL Inc. is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business at 107 College Road East, Princeton, New Jersey 08540.

5.      On information and belief, Defendant DRL Ltd. is a corporation organized and existing under the laws of India, with its principal place of business at 8-2-337 Road No. 3, Banjara Hills, Hyderabad, 500034, India.

6.      On information and belief, Defendants are in the business of, *inter alia*, manufacturing, marketing, and selling generic copies of branded pharmaceutical products throughout the United States, including within this District.

7.      On information and belief, DRL Inc. is a wholly owned subsidiary of DRL Ltd.

8.      On information and belief, Defendants acted in concert to develop the proposed generic product that is the subject of Abbreviated New Drug Application ("ANDA") No. 210899 and to seek regulatory approval from the U.S. Food and Drug Administration ("FDA") to market and sell such proposed generic product throughout the United States, including within this District.

9.      On Information and belief, DRL Inc. acts as the U.S. agent of DRL Ltd. with respect to ANDA No. 210899, and DRL Inc. will work, either directly or indirectly, to manufacture, import, market, and sell the proposed generic product.

## NATURE OF THE ACTION

10. This is a civil action for patent infringement under the patent laws of the United States, Title 35, United States Code, arising out of Defendants' ANDA No. 210899, filed with the FDA. Defendants' ANDA No. 210899 seeks approval to engage in the commercial manufacture, use and sale of Abacavir, Dolutegravir and Lamivudine Tablets, 600 mg/50 mg/300 mg ("Proposed Combination Product"), which is a generic version of ViiV's TRIUMEQ® (abacavir, dolutegravir, and lamivudine) tablets for oral use, prior to the expiration of Plaintiffs' U.S. Patent No. 9,242,986 ("the '986 Patent").

## JURISDICTION AND VENUE

11. This Court has jurisdiction over the subject matter of this action, which arises under the patent laws of the United States, pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 35 U.S.C. § 1 et seq.

12. This Court has personal jurisdiction over Defendants because, *inter alia*, they have maintained continuous and systematic contacts with the State of Delaware and this District.

13. On information and belief, Defendants collaborate to market and sell generic pharmaceutical products, pursuant to the Abbreviated New Drug Application process, throughout the United States, including in the State of Delaware, at least by making and shipping into this judicial district, or by offering to sell or selling, or causing others to offer to sell or sell, generic pharmaceutical products. Defendants derive substantial revenue from goods used or consumed or services rendered in this judicial district.

14. This Court has personal jurisdiction over DRL Inc. by virtue of, *inter alia*, its conduct of business in this District, its purposeful availment of the rights and benefits of Delaware law, and its substantial, continuous, and systematic contacts with the State of

Delaware. On information and belief, DRL Inc.: (1) intentionally markets and provides its generic pharmaceutical products to residents of this State; (2) enjoys substantial income from this State; and (3) affirmatively avails itself of the jurisdiction of this Court by filing counterclaims in this District and by being sued in this District without challenging personal jurisdiction. *See, e.g.*, *Bristol-Myers Squibb Company et al. v. Dr. Reddy's Laboratories, Ltd. et al.*, 1:17-cv-00401 (D. Del.); *Onyx Therapeutics, Inc. v. Dr. Reddy's Laboratories, Inc. et al.*, 1:16-cv-01011 (D. Del.); *Novartis Pharmaceuticals Corporation et al. v. Dr. Reddy's Laboratories, Ltd. et al.*, 1:15-cv-01026 (D. Del.); *Galderma Laboratories, L.P. et al. v. Dr. Reddy's Laboratories, Ltd. et al.*, 1:15-cv-00670 (D. Del.).

15. This Court has personal jurisdiction over DRL Ltd. by virtue of, *inter alia*, its conduct of business in this District, its purposeful availment of the rights and benefits of Delaware law, and its substantial, continuous, and systematic contacts with the State of Delaware. On information and belief, DRL Ltd.: (1) intentionally markets and provides its generic pharmaceutical products to residents of this State; (2) enjoys substantial income from this State; and (3) affirmatively avails itself of the jurisdiction of this Court by filing counterclaims in this District and by being sued in this District without challenging personal jurisdiction. *See, e.g.*, *Bristol-Myers Squibb Company et al. v. Dr. Reddy's Laboratories, Ltd. et al.*, 1:17-cv-00401 (D. Del.); *Onyx Therapeutics, Inc. v. Dr. Reddy's Laboratories, Inc. et al.*, 1:16-cv-01011 (D. Del.); *Novartis Pharmaceuticals Corporation et al. v. Dr. Reddy's Laboratories, Ltd. et al.*, 1:15-cv-01026 (D. Del.); *Galderma Laboratories, L.P. et al. v. Dr. Reddy's Laboratories, Ltd. et al.*, 1:15-cv-00670 (D. Del.).

16. On information and belief, DRL Ltd. directly or through its subsidiaries, including DRL Inc., manufactures, imports, markets, and sells generic drugs throughout the United States and in this judicial district.

17. On information and belief, Defendants intend to manufacture for distribution, and to distribute and sell, products that are generic equivalents of ViiV's TRIUMEQ® (abacavir, dolutegravir, and lamivudine) tablets for oral use throughout the United States and in this judicial district.

18. For the reasons set forth above, for the reasons set forth in the Court of Appeals for the Federal Circuit's decision in *Acorda Therapeutics Inc. v. Mylan Pharms. Inc.*, 817 F.3d 755 (Fed. Cir. 2016), and for additional reasons which will be supplied if Defendants challenge personal jurisdiction in this action, Defendants are subject to personal jurisdiction in this District.

19. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b).

## THE PATENT-IN-SUIT

20. The '986 Patent, entitled "synthesis of carbamoylpyridone HIV integrase inhibitors and intermediates," was duly and legally issued on January 26, 2016 and will expire on December 8, 2029. A copy of the '986 Patent is attached as Exhibit A. Shionogi & Co., Ltd. is the assignee of the '986 Patent. ViiV Healthcare UK (No. 3) Limited is the exclusive licensee of the '986 Patent.

## FACTUAL BACKGROUND

### *TRIUMEQ® (Abacavir, Dolutegravir, and Lamivudine) Tablets for Oral Use*

21. TRIUMEQ® (abacavir, dolutegravir, and lamivudine) tablets for oral use are approved by the FDA for the treatment of HIV-1 infection.

22. ViiV Healthcare Company is the holder of approved New Drug Application No. 205551 for TRIUMEQ® (abacavir, dolutegravir, and lamivudine) tablets for oral use, containing 600 mg of abacavir, dolutegravir sodium equivalent to 50 mg of dolutegravir, and 300 mg of lamivudine.

23. TRIUMEQ® (abacavir, dolutegravir, and lamivudine) tablets for oral use are covered by one or more Claims of the '986 Patent, and the '986 Patent has been listed for NDA No. 205551 in the FDA's publication, *Approved Drug Products with Therapeutic Equivalence Evaluations*, which is referred to as the "Orange Book."

24. ViiV sells and distributes TRIUMEQ® (abacavir, dolutegravir, and lamivudine) tablets for oral use in the United States pursuant to NDA No. 205551.

### *Defendants' ANDA No. 210899*

25. By the Notice Letter dated October 6, 2017, Defendants notified Plaintiffs that Defendants, by submitting ANDA No. 210899 to the FDA seek approval to engage in the commercial manufacture, use and sale of the Proposed Combination Product prior to the expiration of the '986 Patent, and that ANDA No. 210899 included a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Combination Paragraph IV Certification") that the '986 Patent is allegedly invalid, unenforceable and/or will not be infringed by the manufacture, use, importation, sale or offer for sale of the Proposed Combination Product.

26. On information and belief, Defendants were necessarily aware of the Patent-in-Suit when ANDA No. 210899 was filed with the Combination Paragraph IV Certification.

27. On information and belief, dolutegravir sodium as covered in one or more of the Claims of the '986 Patent is and/or will be present in the Proposed Combination Product.

28. On information and belief, ANDA No. 210899 refers to and relies upon NDA No. 205551 for TRIUMEQ® (abacavir, dolutegravir, and lamivudine) tablets for oral use, and

contains data that, according to Defendants, demonstrate the bioequivalence of the Proposed Combination Product and TRIUMEQ® (abacavir, dolutegravir, and lamivudine) tablets for oral use.

29. On information and belief, the Proposed Combination Product will have instructions for use that substantially copy the instructions for TRIUMEQ® (abacavir, dolutegravir, and lamivudine) tablets for oral use. The instructions accompanying the Proposed Combination Product will induce others to use and/or contribute to others' use of the Proposed Combination Product in the manner set forth in the instructions.

### COUNT I: INFRINGEMENT OF U.S. PATENT NO. 9,242,986

30. Plaintiffs hereby reallege and incorporate by reference the allegations of paragraphs 1-29 of this Complaint.

31. Defendants' October 6, 2017 Notice Letter provides only conclusory arguments of non-infringement with no information to evaluate those arguments.

32. In an October 10, 2017 email, Plaintiffs requested that Defendants agree to modify the Offer of Confidential Access related to ANDA No. 210899 to enable Plaintiffs to meaningfully evaluate the bases for Defendants' assertion of non-infringement of Claims 1-12 of the '986 Patent.

33. On October 13, 2017, Plaintiffs and Defendants held a meet and confer to discuss revisions to the Offer of Confidential Access related to ANDA No. 210899.

34. On October 23, 2017, Defendants suggested that Plaintiffs send a revised version of the Offer of Confidential Access related to ANDA No. 210899 to Defendants, which Plaintiffs did on October 24, 2017.

35. On October 25, 2017, Defendants responded with additional edits to the Offer of Confidential Access related to ANDA No. 210899.

36. On November 8, 2017, Plaintiffs sent a revised version of the Offer of Confidential Access related to ANDA No. 210899, to which Defendants did not respond until Plaintiffs sent a November 13, 2017 follow up email.

37. On November 14, 2017, Plaintiffs returned an executed version of the revised Offer of Confidential Access related to ANDA No. 210899 to Defendants.

38. On November 17, 2017, Defendants produced to Plaintiffs selected pages from ANDA No. 210899 and from Drug Master File of Dolutegravir Sodium (Process-2).

39. Defendants' delay in producing materials related to ANDA No. 210899 and Defendants' restrictions on expert disclosure in the Offer for Confidential Access prevented Plaintiffs from obtaining expert assistance in evaluating Defendants' bases for non-infringement prior to the expiration of the 45-day period under 21 U.S.C. § 355(j)(5)(B)(iii) and the filing of this Complaint.

40. In the absence of the ability to meaningfully evaluate information related to Defendants' ANDA No. 210899, Plaintiffs resort to the judicial process and the aid of discovery to obtain under appropriate judicial safeguards such information as is required to confirm their belief and to present to the Court evidence that Defendants infringe one or more Claims of the '986 Patent. *See Hoffman-La Roche Inc. v. Invamed Inc.*, 213 F.3d 1359 (Fed. Cir. 2000).

41. On information and belief, the Proposed Combination Product infringes one or more Claims of the '986 Patent, either literally or under the doctrine of equivalents, by the use and/or presence in the Proposed Combination Product of dolutegravir sodium as covered in one or more of the Claims of the '986 Patent.

42. Defendants' submission of ANDA No. 210899 under 21 U.S.C. § 355(j) for the purpose of obtaining approval to engage in the commercial manufacture, use, importation, sale and/or offer for sale of the Proposed Combination Product before the expiration of the '986 Patent constitutes infringement of one or more Claims of the '986 Patent under 35 U.S.C. § 271(e)(2).

43. On information and belief, Defendants plan to, intend to, and will engage in the commercial manufacture, use, importation, sale and/or offer for sale of the Proposed Combination Product immediately upon approval of ANDA No. 210899 and will direct physicians and patients on the use of the Proposed Combination Product through product labeling.

44. On information and belief, upon FDA approval of ANDA No. 210899, Defendants will infringe the '986 Patent under 35 U.S.C. § 271(a), literally and/or through the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing the Proposed Combination Product in the United States.

45. Upon FDA approval of ANDA No. 210899, Defendants will infringe the '986 Patent under 35 U.S.C. § 271(a), literally and/or through the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing the Proposed Combination Product in the United States, and will infringe under 35 U.S.C. § 271(b) and/or (c), literally and/or through the doctrine of equivalents, by actively inducing and/or contributing to infringement by others.

46. In the October 6, 2017 Notice Letter, Defendants do not dispute that Claims 1-12 of the '986 Patent are valid and enforceable.

47. On information and belief, Defendants had knowledge of the '986 Patent when they submitted ANDA No. 210899 to the FDA, and Defendants know or should know that they will aid and abet another's direct infringement of at least one of the Claims of the '986 Patent.

48. Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court. Plaintiffs have no adequate remedy at law.

49. On information and belief, Defendants lacked a good faith basis for alleging in the October 6, 2017 Notice Letter non-infringement of Claims 1-12 of the '986 Patent when they filed their Combination Paragraph IV Certification. Accordingly, Defendants' Combination Paragraph IV Certification was wholly unjustified, and this case is exceptional under 35 U.S.C. § 285.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

a) Judgment that the '986 Patent is valid and enforceable;

b) Judgment that Defendants' submission of ANDA No. 210899 was an act of infringement under 35 U.S.C. § 271(e)(2) of one or more Claims of the '986 Patent;

c) Judgment that Defendants' making, using, offering to sell, selling, or importing into the United States of the Proposed Combination Product prior to the expiration of the '986 Patent, will infringe, will actively induce infringement, and/or will contribute to the infringement of one or more Claims of the '986 Patent;

d) An Order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any FDA approval of ANDA No. 210899 shall be a date that is not earlier than the expiration of the '986 Patent plus any other exclusivity to which Plaintiffs are or become entitled;

e) An Order permanently enjoining Defendants, their affiliates and subsidiaries, each of their officers, agents, servants and employees, and any person acting in concert with Defendants, from making, using, offering to sell, selling, marketing, distributing, or importing into the United States the Proposed Combination Product until after the expiration of the '986 Patent plus any other exclusivity to which Plaintiffs are or become entitled;

f) A declaration that this case is an exceptional case within the meaning of 35 U.S.C. § 285, and an award to Plaintiffs' of their reasonable costs and attorneys' fees incurred in connection with this action; and

g) Such further and other relief as this Court deems proper and just.

Dated:  November 20, 2017          MCCARTER & ENGLISH, LLP

                                             /s/ Daniel M. Silver
                                             Michael P. Kelly (#2295)
                                             Daniel M. Silver (#4758)
                                             Benjamin A. Smyth (#5528)
                                             Renaissance Centre
                                             405 N. King Street, 8th Floor
                                             Wilmington, Delaware 19801
                                             (302) 984-6300
                                             mkelly@mccarter.com
OF COUNSEL:                            dsilver@mccarter.com
                                             bsmyth@mccarter.com

Lisa B. Pensabene, Esq.               *Attorneys for Plaintiffs,*
Filko Prugo, Esq.                       *ViiV Healthcare Company, Shionogi & Co., Ltd.,*
Daniel O'Boyle, Esq.                 *and ViiV Healthcare UK (No. 3) Limited*
Carolyn Wall, Esq.
Caitlin Hogan, Esq.
O'MELVENY & MYERS LLP
7 Times Square
New York, New York 10036
(212) 326-2000

12